UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

# CIVIL MINUTES - GENERAL

| Case No. | CV11-09547-RGK (SSx) | Date | April 23, 2012 |
|---|---|---|---|
| Title | *YOLANDA D. KENNEDY v. FIDELITY & GUARANTY LIFE INS. CO.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| R. Neal for Sharon L. Williams | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS) Order Remanding Action to State Court

On October 12, 2011, Yolanda D. Kennedy ("Plaintiff") filed a complaint against Fidelity & Guaranty Life Insurance Company ("Defendant") alleging claims for 1) Breach of Written Contract, and 2) Insurance Bad Faith. On November 16, 2011, Defendant removed the action to this Court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must supply this jurisdictional fact in the Notice of Removal by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-567 (9th Cir. 1992).

In her Complaint, Plaintiff prays for $36,750 in damages, plus pre-judgment interest. While Plaintiff also requests attorneys fees, general damages for emotional distress, and punitive damages, Defendant has failed to satisfy its burden of showing that the amount in controversy has been met. Specifically, in support of its argument that the amount in controversy relies on the value of the insurance policy, rather than the amount in damages requested, Defendant fails to cite to binding case law that is factually on point. Additionally, Defendant (1) states only in conclusory fashion that the addition of other damages and fees carry Plaintiff's action over the jurisdictional threshold, and (2) cites to law, some of which are clearly distinguishable from the current case. Defendant fails to satisfy its burden of showing that the amount in controversy is met, even if the Court assumes that the other

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-09547-RGK (SSx) | Date | April 23, 2012 |
|---|---|---|---|
| Title | *YOLANDA D. KENNEDY v. FIDELITY & GUARANTY LIFE INS. CO.* | | |

damages and fees prayed for by Plaintiff are recoverable.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

: 

Initials of Preparer    rgn